**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4444

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

STACY ARTHANIEL THREATT,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:06-cr-00417-FDW-1)

Submitted:  January 13, 2009          Decided:  January 15, 2009

Before WILLIAMS, Chief Judge, and TRAXLER and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, Steven Slawinski, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stacy Arthaniel Threatt appeals from his 288-month sentence imposed pursuant to his guilty plea to robbery, using a firearm during a crime of violence, and possession of a firearm by a convicted felon. On appeal, he asserts that his sentence was procedurally unreasonable because the court failed to address the reasons for variance that Threatt presented. We affirm.

When imposing sentence, a court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) (2006), and explain the chosen sentence. See Gall v. United States, 128 S. Ct. 586, 597 (2007). Failure to do so is procedural error. Id. Here, the court explicitly stated that it reviewed all the § 3553 factors and chose to highlight the particularly pertinent factors during its imposition of sentence. Regarding the specific arguments raised by Threatt for a variance sentence below the advisory Guidelines range, the court commended Threatt for starting to turn his life around, discussed the extent of Threatt's past criminal conduct, noted Threatt's success in continued employment, and stated that Threatt had incredible support from his community. In support of its decision to deny the motion for a variance sentence, the court relied upon the violent nature of the charged offense, Threatt's career offender status, the need to protect the public from Threatt, and the

2

drug treatment inherent in a longer sentence.  Finally, the court noted that, due to Threatt's age, education, and employment history, he possessed both the ability and the opportunity to stay out of legal trouble, but he chose instead to violate the law repeatedly.

We find that the district court did not abuse its discretion in considering all the appropriate sentencing factors and explaining its reasons for imposing the sentence chosen. See Gall, 128 S. Ct. at 597 (standard of review).  Accordingly, we affirm Threatt's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED